**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PERDIEMCO, LLC, | |
| Plaintiff, | Civil Action No. _____ |
| v. | JURY TRIAL DEMANDED |
| MIX TELEMATICS LIMITED, and MIX TELEMATICS NORTH AMERICA, INC., | |
| Defendants. | |

**COMPLAINT**

Plaintiff PerDiemCo LLC ("Plaintiff" or "PerDiem"), by its attorneys, hereby files this complaint against MiX Telematics Limited and MiX Telematics North America, Inc. (collectively, "Defendant" or "MiX") for patent infringement, alleging as follows:

**NATURE OF THE SUIT**

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, involving infringement of patents-in-suit identified by U.S. Patent Nos. 10,382,966 ("the '966 patent"); 10,021,198 ("the '198 patent"); 9,871,874 ("the '874 patent"); 9,680,941 ("the '941 patent"); 10,277,689 ("the '689 patent"); 10,602,364 ("the '364 patent"); 10,284,662 ("the '662 patent), 10,397,789 ("the '789 patent"), 10,819,809 ("the '809 patent"), and 10,171,950 ("the '950 patent").

**THE PARTIES**

2.      Plaintiff PerDiem is a Texas limited liability company with its principal place of business at 505 East Travis Street, Suite 205, Marshall, TX 75670.

3.      On information and belief, Defendant MiX Telematics Limited is a company

organized under the laws of the Republic of South Africa having a place of business at 401 E.

Corporate Dr., Suite 146, Lewisville, TX 75057.

4.      On information and belief, Defendant MiX Telematics North America, Inc. is a

Texas corporation having a place of business at 401 E. Corporate Dr., Suite 146, Lewisville, TX

75057.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331 and 1338(a).  Venue is proper in this District under 28 U.S.C. §1400(b) as

Defendant MiX Telematics Limited has a regular and established place of business and has

committed acts of infringement in this District.  Venue is proper in this District under 28 U.S.C.

§ 1400(b) as Defendant MiX Telematics North America, Inc. is incorporated in Texas, and also

has a regular and established place of business and has committed acts of infringement in this

District.

6.      Defendant maintains continuous and systematic contacts within this District by

selling and offering for sale products and services to customers within this District, and by

offering for sale products and services that are used within this District.

7.      This Court has specific personal jurisdiction over Defendant pursuant to due

process and the Texas Long Arm Statute because Defendant, directly or through intermediaries,

have conducted and conduct substantial business in this forum, including but not limited to: (i)

engaging in at least part of the infringing acts alleged herein; (ii) purposefully and voluntarily

placing one or more infringing products or services into the stream of commerce with the

expectation that they will be purchased and/or used by consumers in this forum; and/or (iii)

regularly doing or soliciting business, engaging in other persistent courses of conduct, or

deriving substantial revenue from goods and services provided to individuals in this District.

Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for the reasons set forth above.

## THE TECHNOLOGY AND THE PATENTS IN SUIT

8.      Darrell Diem, the inventor of the patents-in-suit, served in the Air Force for four years as an electronics technician. After being honorably discharged, Mr. Diem worked his way through college to earn degrees in physics and mathematics from Marquette University. Mr. Diem also obtained a Masters of Business Administration from Michigan State University, and a Masters of Arts in Pastoral Ministries from St. Thomas University, Miami, Florida. Mr. Diem has worked for Motorola, Harris Corporation, Time Domain, and other leading technology companies.

9.       Mr. Diem conceived the inventions in the patents-in-suit when his daughter's car broke down on a long road trip. Mr. Diem wanted to convey location information for his daughter in an efficient way that would still protect her privacy. Mr. Diem's inventions, which have a broad range of significant applications, are widely used today.

10.     The '874 patent, entitled "Multi-Level Database Management System and Method for an Object Tracking Service That Protects User Privacy," was duly and legally issued by the United States Patent and Trademark Office on January 16, 2018.  A copy of the '874 patent is attached hereto as Exhibit A.

11.      The '689 patent, entitled "Method for controlling conveyance of events by driver administrator of vehicles equipped with ELDs," was duly and legally issued by the United States Patent and Trademark Office on April 30, 2019.  A copy of the '689 patent is attached hereto as Exhibit B.

12.     The '662 patent, entitled "Electronic logging device (ELD) for tracking driver of

a vehicle in different tracking modes," was duly and legally issued by the United States Patent and Trademark Office on May 7, 2019.  A copy of the '662 patent is attached hereto as Exhibit C.

13.     The '966 patent, entitled, "Computing Device Carried by A Vehicle for Tracking Driving Events in a Zone Using Location and Event Log Files," was duly and legally issued by the United States Patent and Trademark Office on August 13, 2019.  A copy of the '966 patent is attached hereto as Exhibit D.

14.     The '789 patent, entitled, "Method for Controlling Conveyance of Event Information About Carriers of Mobile Devices Based on Location Information Received from Location Information Sources Used by the Mobile Devices," was duly and legally issued by the United States Patent and Trademark Office on August 27, 2019.  A copy of the '789 patent is attached hereto as Exhibit E.

15.     The '198 patent, entitled, "Software-based Mobile Tracking Service with Video Streaming When Events Occur," was duly and legally issued by the United States Patent and Trademark Office on July 10, 2018.  A copy of the '198 patent is attached hereto as Exhibit F.

16.      The '364 patent, entitled, "Method For Conveyance Of Event Information To Individuals Interested Devices Having Phone Numbers" was duly and legally issued by the United States Patent and Trademark Office on March 24, 2020.  A copy of the '364 patent is attached hereto as Exhibit G.

17.     The '941 patent, entitled, "Location Tracking System Conveying Event Information Based on Administrator Authorizations," was duly and legally issued by the United States Patent and Trademark Office on June 13, 2017.  A copy of the '941 patent is attached hereto as Exhibit H.

18.     The '809 patent, entitled "Method for Controlling Conveyance of Event Notifications in Sub-Groups Defined Within Groups Based on Multiple Levels of Administrative Privileges," was duly and legally issued by the United States Patent and Trademark Office on October 27, 2020.  A copy of the '809 patent is attached hereto as Exhibit I.

19.     The '950 patent, entitled "Electronic Logging Device (ELD)," was duly and legally issued by the United States Patent and Trademark Office on January 1, 2019.  A copy of the '950 patent is attached hereto as Exhibit J.

20.     Each of the foregoing patents, collectively referred to as the "patents-in-suit," is valid and enforceable.

21.     PerDiem is the exclusive owner of all right, title, and interest in each of the patents-in-suit. PerDiem has the right to bring this action to recover damages for any current or past infringement of these patents.  Plaintiff PerDiem has never granted Defendant MiX a license to practice any of the patents-in-suit.

## PERDIEM'S GEOFENCING PATENTS

22.     The inventions claimed in at least the '874, '941, '198, '364 and '789 patents represent an improvement to location tracking systems.  More specifically, the claims of these patents are directed to an improved location tracking system that tracks locations of a plurality of mobile objects or devices in a network employed to provide a tracking service that sends notifications or alerts after group event conditions which are based on locations of grouped tracked objects are met.

23.     Group event conditions may relate to mobile object/device locations and a zone where the occurrence of an event causes an alert/notification to be sent when grouped vehicles equipped with GPS devices cross a boundary.

24.     The claimed inventions provide an improvement over conventional networks by providing a reliable and efficient way to the service subscribers to track objects and convey the notifications only to authorized recipients.  The claimed inventions provide this benefit by creating multiple levels of administrative privileges and applying multiple levels of access control by checking the privileges.

25.     The multiple levels of administrative privileges includes a first level of administrative privilege used by a system administrator of the tracking service for controlling user membership in groups specified by the administrator and a second level of privilege being assigned to a second administrator, *e.g*., a service subscriber, in each group by the system administer for controlling conveyance of the notifications in the corresponding group such that the administrator having the first level of administrative privilege does not exercise the second level of administrative privilege.

26.     Under this claimed structure, the second administrator has complete control over who receives the notifications in the group independent of the system administrator and second administrators of other groups.  Interfaces are provided to the second administrator allow for setting event conditions and alert/notifications for the group.

27.     As claimed, a first level of access control is used to allow the second administrator to specify an event condition, *i.e.* a geo-fence, for the group and specify an access list such that only identified authorized users on the access list can receive the notification information, thereby providing total privacy to the second administrators.  A second level of access control is used to allow authorized recipients to access the notifications/alerts.

**PERDIEM'S ELECTRONIC LOGGING DEVICE (ELD) PATENTS**

28.     The inventions claimed in at least the '662, '689, '966, '789 '809, '950 and '364

patents are directed to improved mobile computing devices known as ELDs which are carried in vehicles.  The claimed ELDs execute location tracking applications (LTAs) and the claimed ELD system and improved method control conveyance of driving event information in a tracking service.  The tracking service has a system administrator that manages privileges of the authorized users, including administrator of groups of drivers (diver administrators) of the service who log into user accounts as subscribers in a database management system application (DBMSA) executed in a server.

29.     The claimed improvements are directed to, among other things, using multiple levels of privileges that allow driver access to recorded event log files for driving events that occur after detecting that the vehicles are powered on which cause locating the drivers and recording movement and non-movement driving events into the event log files.

30.     The claimed inventions provide that benefit by allowing the drivers to use the LTAs to log into driver user accounts over a wireless interface provided by the computing devices and edit, write or enter information into the event log files and sending notifications to one or more recipients who are authorized by a driver administrator to receive the recorded driving event information.

## PERDIEM'S CLAIMS ARE PATENT ELIGIBLE

31.     The claims in the asserted patents are directed to patent eligible subject matter.

32.     The asserted patents are directed at providing unconventional computing solutions that address problems that are particular to computerized location tracking systems.

33.     The systems, devices and methods of the asserted patents provide for establishing object location events that may be defined at an application or user level.  (*See, e.g.,* '941 patent at 2:11-15 (Exhibit H)).   The systems, methods and devices of the asserted claims are also

directed to conveying information relating to the object location events to one or more computing devices which may be associated with corresponding identification codes of one or more users. (*Id.* at 2:16-19).

34.     According to one embodiment, an object location event can relate to information about a location of an object and information about a zone that is defined by a user.  (*Id.* at 2:23-25).  In another embodiment, information about a location can be derived from a location information source that is associated with an object and the object location event may occur by satisfaction of a defined relationship or condition between an object location information and user-defined zone information.  (*Id.* at 2:26-31).

35.     Providing computerized location tracking systems with systems, devices and methods in the manner claimed in the PerDiem patents in suit solved challenges over the techniques and systems known in the art at the time.  Thus, the claims of the asserted patents contain inventive concepts, being both novel and unconventional, which are sufficient to render the asserted patent claims to be patent eligible.  The claims of the asserted patents are not directed to abstract ideas.

36.     In particular, prior to the priority date of the asserted patents, in systems, such as traditional location tracking systems, information about the mere location of a device might be conveyed but without the correlation of events with location of objects and the conveyance of information about such events to computing devices.  (*Id.* at 1:55-60).

37.     The PerDiem patents in suit overcame these disadvantages by, for example, describing and enabling systems, devices and methods for delivering information about a location that is derived from a location information source that is associated with an object and the object location event that may occur by satisfaction of a defined relationship or condition between an

object location information and user-defined zone information (*id.* at 2:26-31), and conveying information relating to the object location events to one or more computing devices which may be associated with corresponding identification codes of one or more users (*id*. at 2:16-19).

38.     The inventions of the asserted patents resolve technical problems related to interactive location tracking technology.  For example, the inventions allow remotely located parties to interact in a computerized environment in real time with one or more users, which, on information and belief, is exclusively implemented using computer technology.

39.     The claims of the PerDiem patents in suit do not merely recite the performance of some method known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the asserted patents recite inventive concepts that are rooted in computerized location tracking system technology, and overcome problems specifically arising in the realm of computerized location tracking system technologies.

40.     The technology claimed in the asserted patents does not preempt all ways of using location tracking system technology, nor preempt the use of any well-known location tracking technology, nor preempt any other well-known or prior art technology.

41.     The asserted patent claims are not directed to any "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," nor are any of the claims "a building block of the modern economy."

42.     The PerDiem patents in suit do not take a well-known or established business method or process and apply it to a general-purpose computer.    Instead, the specific systems and processes described in the asserted patents have no direct corollary to a process that predates the advent of the Internet.

43.     The asserted patent claims are directed toward a solution rooted in computer technology and uses technology, unique to computers and networks, to overcome problems specifically arising in the realm of computerized location tracking technologies.

44.     The asserted patent claims are not directed at a mere mathematical relationship or formula.

45.     The asserted patent claims cannot be performed by a human, in the human mind, or by pen and paper.

46.     Accordingly, each claim of the PerDiem patents in suit recites a combination of elements sufficient to ensure that each claim, in practice, amounts to significantly more than a claim on an ineligible concept.

## PERDIEM'S PATENT LITIGATION HISTORY

47.     The patents-in-suit all claim priority to the U.S. Provisional Patent Application No. 60/752,879, filed on December 23, 2005, all nine patents-in-suit claim priority to that provisional application.

48.     The patent family to which the ten patents-in-suit belong are part of a larger portfolio of patents, with all patents in that portfolio claiming priority to the application filed on December 23, 2005.  Several of the patents within that portfolio have been subject to extensive federal court litigation in the Eastern District of Texas (the EDTX Litigations).

49.     In the EDTX Litigations, Magistrate Judge Payne construed the claims according to CLAIM CONSTRUCTION MEMORANDUM AND ORDER attached hereto as Exhibit K, which Order was adopted by Judge Gilstrap.

50.     In his REPORT AND RECOMMENDATION attached hereto as Exhibit L, Magistrate Judge Payne confirmed that the claims at issue are eligible subject matter under 35

U.S.C. §101 and that the specification supports the claims under 35 U.S.C. §112, with the

REPORT AND RECOMMENDATION being adopted by Judge Gilstrap.

51.     The Asserted Patents issued after the USPTO examiner considered the prior art

cited during the prior EDTX Litigations and all Inter Parties Reviews ("IPR's") filed in

connection with those litigations.  The Asserted Patents in this action have the same ownership

history and patent specification as those reviewed by Judge Gilstrap and Magistrate Judge Payne.

52.     PerDiem has concluded after careful review of publicly available information that

Defendant's accused products and services infringe one or more claims of the asserted patents by

applying the adopted claim constructions during the EDTX litigations.

## THE ACCUSED PRODUCTS AND SERVICES

53.     Defendant makes, uses, sells, offers for sale, and/or imports products and services

that infringe the patents-in-suit.  Defendant's product offering infringes PerDiem's ELD and

geo-fencing patents.

54.     More specifically, Defendant's ELD and geo-fencing products and services are

available through web-based fleet management applications with its geo-fencing and ELD

products and services, including those being marketed as Defendant's MiX ELD's including

MiX On-Board Computers (*e.g*. 3000 or 4000 Series products), "MiX Rovi II"

(https://explore.mixtelematics.com/mix-rovi), and "MiX Fleet Manager"

(https://www.mixtelematics.com/mix-fleet-manager), which provide ELD and geo-fencing

products and associated services, including MiX's Software as a Service ("SaaS") (hereafter "the

Accused Products and Services").

55.     On information and belief, PerDiem contends that Defendant makes, uses, sells,

or offers for sale products and services that infringe each of the asserted patents, as set forth in

more detail below in connection with Exhibits M through V, which are exemplary infringement claim charts for the asserted claims of the asserted patents, each of which is incorporated by reference herein.

<u>**COUNT I – INFRINGEMENT OF THE '662 PATENT**</u>

56.      Paragraphs 1 through 55 are incorporated by reference as if fully stated herein.

57.      Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '662 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '662 patent. Exemplary claim chart detailing the correspondence of every element of claims 1, 3, 4, 5, 13, and 14 of the '662 patent with a feature of the Defendant Accused Products and Services is attached hereto as Exhibit M, which is incorporated by reference herein.

58.      Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '662 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '662 patent.

59.      Defendant has knowledge and notice of the '662 patent and its infringement through the filing of this action and through pre-filing correspondence.

60.      Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '662 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the

knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the

Accused Product and Services, for their intended purpose to infringe the '662 patent, with

instructions as to the use of those products and services and guidance as to the specific steps that

must be taken to utilize those products and services, including the provision of interactive data

fields, all with the knowledge and intent to encourage and facilitate infringement through the

dissemination of the Accused Products and Services and/or the creation and dissemination of

documentation and technical information to customers and prospective customers related to

those products and services.

61.     Defendant has contributed to, and continues to contribute to, the infringement by

third parties, including its customers, of one or more claims of the '662 patent under 35 U.S.C. §

271(c) by, for example, selling and/or offering for sale in the United States the Accused Products

and Services knowing that those products and services constitute a material part of the invention

or inventions of the '662 patent, knowing that those products and services are especially made or

adapted to infringe the '662 patent, and knowing that those products and services are not staple

articles of commerce suitable for substantial non-infringing use.

62.     PerDiem has been and continues to be damaged by Defendant's infringement of

the '662 patent.  PerDiem has no adequate remedy to law.

63.     Having knowledge of the '662 patent, Defendant knows, or should know, that

without taking a license to the patents-in-suit, its actions continued to infringe one or more

claims of the '662 patent.

64.     Defendant has willfully infringed the '662 patent and continues to do so.

65.     The conduct by Defendant in infringing the '662 patent renders this case

exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF '689 PATENT

66.    Paragraphs 1 through 55 are incorporated by reference as if fully stated herein.

67.    Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '689 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '689 patent. Exemplary claim charts detailing the correspondence of every element of claims 1, 4, 5, 6, and 7 of the '689 patent with a feature of the Defendant's Accused product offering is attached hereto as Exhibit N, which is incorporated by reference herein.

68.    Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '689 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '689 patent.

69.    Defendant has knowledge and notice of the '689 patent and its infringement through the filing of this action and through pre-filing correspondence.

70.    Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '689 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Products and Services, for their intended purpose to infringe the '689 patent, with instructions as to the use of those products and services and guidance as to the specific steps that

must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

71.     Defendant has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '689 patent under 35 U.S.C. § 271(c) by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products and services constitute a material part of the invention or inventions of the '689 patent, knowing that those products and services are especially made or adapted to infringe the '689 patent, and knowing that those products and services are not staple articles of commerce suitable for substantial non-infringing use.

72.     PerDiem has been and continues to be damaged by Defendant's infringement of the '689 patent.  PerDiem has no adequate remedy to law.

73.     Having knowledge of the '689 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '689 patent.

74.     Defendant has willfully infringed the '689 patent and continues to do so.

75.     The conduct by Defendant in infringing the '689 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT III – INFRINGEMENT OF THE '941 PATENT

76.     Paragraphs 1 through 55 are incorporated by reference as if fully stated herein.

77.     Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '941 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '941 patent.  An exemplary claim chart detailing the correspondence of every element of claims 1 and 12 of the '941 patent with a feature of Defendant's product offering is attached hereto as Exhibit O, which is incorporated by reference herein.

78.     Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '941 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '941 patent.

79.     Defendant has knowledge and notice of the '941 patent and its infringement through the filing of this action and through pre-filing correspondence.

80.     Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '941 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Products and Services, for their intended purpose to infringe the '941 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the

dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

81.     Defendant has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '941 patent under 35 U.S.C. § 271(c) by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products and services constitute a material part of the invention or inventions of the '941 patent, knowing that those products and services are especially made or adapted to infringe the '941 patent, and knowing that those products and services are not staple articles of commerce suitable for substantial non-infringing use.

82.     PerDiem has been and continues to be damaged by Defendant's infringement of the '941 patent.  PerDiem has no adequate remedy to law.

83.     Having knowledge of the '941 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '941 patent.

84.     Defendant has willfully infringed the '941 patent and continues to do so.

85.     The conduct by Defendant in infringing the '941 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT IV – INFRINGEMENT OF THE '966 PATENT

86.     Paragraphs 1 through 55 are incorporated by reference as if fully stated herein.

87.     Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '966 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States,

the Accused Products and Services that infringe one or more of the claims '966 patent.  An exemplary claim chart detailing the correspondence of every element of claims 1, 3, 8, 13, and 18 of the '966 patent with a feature of the Defendant's Accused product offering is attached hereto as Exhibit P, which is incorporated by reference herein.

88.     Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '966 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '966 patent.

89.     Defendant has knowledge and notice of the '966 patent and its infringement through the filing of this action and through pre-filing correspondence.

90.     Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '966 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '966 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

91.     Defendant has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '966 patent under 35 U.S.C. § 271(c) by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products and services constitute a material part of the invention or inventions of the '966 patent, knowing that those products and services are especially made or adapted to infringe the '966 patent, and knowing that those products and services are not staple articles of commerce suitable for substantial non-infringing use.

92.     PerDiem has been and continues to be damaged by Defendant's infringement of the '966 patent.  PerDiem has no adequate remedy to law.

93.     Having knowledge of the '966 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '966 patent.

94.     Defendant has willfully infringed the '966 patent and continues to do so.

95.     The conduct by Defendant in infringing the '966 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**COUNT V – INFRINGEMENT OF THE '789 PATENT**

96.     Paragraphs 1 through 55 are incorporated by reference as if fully stated herein.

97.     Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '789 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '789 patent.  An exemplary claim chart detailing the correspondence of every element of claims 1, 2, 3, 4, 12, 14, 17, 18 and 19 of the '789 patent with a feature of the Defendant's Accused product offering is

attached hereto as Exhibit Q, which is incorporated by reference herein.

98.     Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '789 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '789 patent.

99.     Defendant has knowledge and notice of the '789 patent and its infringement through the filing of this action and through pre-filing correspondence.

100.     Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '789 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '789 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

101.     Defendant has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '789 patent under 35 U.S.C. § 271(c) by, for example, selling and/or offering for sale in the United States the Accused

Products and Services knowing that those products and services constitute a material part of the invention or inventions of the '789 patent, knowing that those products and services are especially made or adapted to infringe the '789 patent, and knowing that those products and services are not staple articles of commerce suitable for substantial non-infringing use.

102.    PerDiem has been and continues to be damaged by Defendant's infringement of the '789 patent.  PerDiem has no adequate remedy to law.

103.    Having knowledge of the '789 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '789 patent.

104.    Defendant has willfully infringed the '789 patent and continues to do so.

105.    The conduct by Defendant in infringing the '789 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VI – INFRINGEMENT OF THE '198 PATENT

106.    Paragraphs 1 through 55 are incorporated by reference as if fully stated herein.

107.    Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '198 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '198 patent.  An exemplary claim chart detailing the correspondence of every element of claim 1 of the '198 patent with a feature of the Defendant's Accused Product and Services is attached hereto as Exhibit R, which is incorporated by reference herein.

108.    Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '198 patent,

either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '198 patent.

109.    Defendant has knowledge and notice of the '689 patent and its infringement through the filing of this action and through pre-filing correspondence.

110.    Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '198 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '198 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

111.    Defendant has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '198 patent under 35 U.S.C. § 271(c) by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products and services constitute a material part of the invention or inventions of the '198 patent, knowing that those products and services are especially made or adapted to infringe the '198 patent, and knowing that those products and

services are not staple articles of commerce suitable for substantial non-infringing use.

112.    PerDiem has been and continues to be damaged by Defendant's infringement of the '198 patent.  PerDiem has no adequate remedy to law.

113.    Having knowledge of the '198 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '198 patent.

114.    Defendant has willfully infringed the '198 patent and continues to do so.

115.    The conduct by Defendant in infringing the '198 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VII – INFRINGEMENT OF THE '874 PATENT

116.    Paragraphs 1 through 55 are incorporated by reference as if fully stated herein.

117.    Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '874 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '874 patent.  An exemplary claim chart detailing the correspondence of every element of claim 11 of the '874 patent with a feature of the Defendant's Accused Product and Services is attached hereto as Exhibit S, which is incorporated by reference herein.

118.    Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '874 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '874 patent.

119.     Defendant has knowledge and notice of the '874 patent and its infringement through the filing of this action and through pre-filing correspondence.

120.     Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '874 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '874 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

121.     Defendant has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '874 patent under 35 U.S.C. § 271(c) by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products and services constitute a material part of the invention or inventions of the '874 patent, knowing that those products and services are especially made or adapted to infringe the '874 patent, and knowing that those products and services are not staple articles of commerce suitable for substantial non-infringing use.

122.     PerDiem has been and continues to be damaged by Defendant's infringement of the '874 patent.  PerDiem has no adequate remedy to law.

123.     Having knowledge of the '874 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '874 patent.

124.     Defendant has willfully infringed the '874 patent and continues to do so.

125.     The conduct by Defendant in infringing the '874 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VIII – INFRINGEMENT OF THE '364 PATENT

126.     Paragraphs 1 through 55 are incorporated by reference as if fully stated herein.

127.     Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '364 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '364 patent.  An exemplary claim chart detailing the correspondence of every element of claim 3 of the '364 patent with a feature of the Defendant's Accused Product and Services is attached hereto as Exhibit T, which is incorporated by reference herein.

128.     Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '364 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '364 patent.

129.     Defendant has knowledge and notice of the '364 patent and its infringement through the filing of this action and through pre-filing correspondence.

130.     Defendant has induced infringement and continues to induce infringement under

35 U.S.C. § 271(b).  Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '364 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '364 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

131.    Defendant has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '364 patent under 35 U.S.C. § 271(c) by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products and services constitute a material part of the invention or inventions of the '364 patent, knowing that those products and services are especially made or adapted to infringe the '364 patent, and knowing that those products and services are not staple articles of commerce suitable for substantial non-infringing use.

132.    PerDiem has been and continues to be damaged by Defendant's infringement of the '364 patent.  PerDiem has no adequate remedy to law.

133.    Having knowledge of the '364 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '364 patent.

134.    Defendant has willfully infringed the '364 patent and continues to do so.

135.    The conduct by Defendant in infringing the '364 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

<u>**COUNT IX – INFRINGEMENT OF THE '809 PATENT**</u>

136.    Paragraphs 1 through 55 are incorporated by reference as if fully stated herein.

137.    Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '809 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '809 patent.  An exemplary claim chart detailing the correspondence of every element of claim 1 with a feature of the Defendant's Accused Product and Services is attached hereto as Exhibit U, which is incorporated by reference herein.

138.    Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '809 patent, either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Accused Products and Services in the United States that infringe one or more claims of the '809 patent.

139.    Defendant has knowledge and notice of the '809 patent and its infringement through the filing of this action and through pre-filing correspondence.

140.    Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b). Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '809 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the

knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Products and Services, for their intended purpose to infringe the '809 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to the those products and services.

141.   Defendant has contributed to, and continues to contribute to, the infringement by third parties, including its customers, of one or more claims of the '809 patent under 35 U.S.C. § 271(c) by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products and services constitute a material part of the invention or inventions of the '809 patent, knowing that those products and services are especially made or adapted to infringe the '809 patent, and knowing that those products and services are not staple articles of commerce suitable for substantial non-infringing use.

142.   PerDiem has been and continues to be damaged by Defendant's infringement of the '809 patent. PerDiem has no adequate remedy to law.

143.   Having knowledge of the '809 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continue to infringe one or more claims of the '809 patent.

144.   Defendant has willfully infringed the '809 patent and continues to do so.

145.   The conduct by Defendant in infringing the '809 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT X – INFRINGEMENT OF THE '950 PATENT

146.    Paragraphs 1 through 55 are incorporated by reference as if fully stated herein.

147.    Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '950 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '950 patent.  An exemplary claim chart detailing the correspondence of every element of claim 1 and with a feature of the Defendant's Accused Product and Services is attached hereto as Exhibit V, which is incorporated by reference herein.

148.    Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '950 patent, either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Accused Products and Services in the United States that infringe one or more claims of the '950 patent.

149.    Defendant has knowledge and notice of the '950 patent and its infringement through the filing of this action and through pre-filing correspondence.

150.    Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b). Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '950 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '950 patent, with instructions as to the use of those products and services and guidance as to the specific steps that

must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services.

151.    Defendant has contributed to, and continues to contribute to, the infringement by third parties, including its customers, of one or more claims of the '950 patent under 35 U.S.C. § 271(c) by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products and services constitute a material part of the invention or inventions of the '950 patent, knowing that those products and services are especially made or adapted to infringe the '950 patent, and knowing that those products and services are not staple articles of commerce suitable for substantial non-infringing use.

152.    PerDiem has been and continues to be damaged by Defendant's infringement of the '950 patent. PerDiem has no adequate remedy to law.

153.    Having knowledge of the '950 patent, Defendant knows, or should know, that without taking a license to the patents-in-suit, its actions continue to infringe one or more claims of the '950 patent.

154.    Defendant has willfully infringed the '950 patent and continues to do so.

155.    The conduct by Defendant in infringing the '950 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## **PRAYER OF RELIEF**

**WHEREFORE**, PerDiem prays for judgment as follows:

A.    That Defendant has infringed each of the patents-in-suit;

B.      That PerDiem be awarded all damages adequate to compensate it for Defendant's infringement of the patents-in-suit, such damages to be determined by a jury with pre-judgment and post-judgment interest;

C.      A judgment that the infringement was willful and that such damages be trebled pursuant to 35 U.S.C. § 284;

D.      An order permanently enjoining Defendant and its officers, agents, servants and employees, privies, and all persons in concert or participation with it, from further infringement of the patents-in-suit;

E.      That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that PerDiem be awarded attorney fees, costs, and expenses incurred relating to this action; and

F.      That PerDiem be awarded such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

PerDiem hereby demands a trial by jury on all issues so triable.

Dated:  May 29, 2021

Respectfully submitted:

*/s/ Donald L. Jackson*
Donald L. Jackson, VA Bar No. 42,882
(Admitted E.D. Tex.)
**DAVIDSON BERQUIST JACKSON &
GOWDEY, LLP**
8300 Greensboro Dr., Suite 500
McLean, Virginia 22102
Telephone: (571) 765-7700
Facsimile: (571) 765-7200
djackson@dbjg.com

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
**ETHERIDGE LAW GROUP, PLLC**
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com

*Attorneys for Plaintiff PerDiemCo, LLC*